**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile:  415-772-4707
Email: *lking@kaplanfox.com*
        *mgeorge@kaplanfox.com*
        *breed@kaplanfox.com*

*Attorneys for Plaintiff Andrew Yeung
and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW YEUNG, on behalf of himself and all others similarly situated, | Case No. 3:25-cv-09550 |
| Plaintiff, | |
| v. | <u>CLASS ACTION</u> |
| BEST BUY CO., INC., | **CLASS ACTION COMPLAINT** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Andrew Yeung ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, brings this class action against Defendant Best Buy Co., Inc, ("Best Buy" or "Defendant") and complains and alleges upon personal knowledge as to himself and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.      Best Buy is one of the largest sellers of electronics and appliances in the United States, with revenues of over $40 billion a year. Best Buy manufactures, markets, and sells various electronics and appliances, including televisions.

2.      Like many large retailers, Best Buy runs sales for its products. Sale prices are important to consumers, as they are more likely to purchase a product if they know or think they are getting a good deal.[1] This is further compounded if consumers think there is a limited time to obtain the sale price, or if the sale will end soon, so they do not miss out on the deal.[2]

3.      Legitimate sales are beneficial to consumers, but fake ones – with arbitrary regular prices and discounts – prey on consumers seeking the best price and encourage consumers to purchase products they otherwise would not have but for the sale. Falsely suggesting that a product is on sale, when it actually is not, is prohibited under California and federal law.

4.      Unfortunately for consumers, Best Buy has engaged in a false pricing scheme by advertising constant sales on televisions that it sells, that frequently includes, but is not limited to, televisions under the brand names Insignia (which Best Buy owns), TCL, HiSense, LG, Sony, Toshiba, and Samsung (the "Televisions").

5.      Best Buy's advertised comparative value prices, or alleged former prices for the Televisions serve as the false basis for their phony discounts. Best Buy represents these alleged former prices to be the regular, normal, and prevailing market prices of the Televisions, from which the advertised discounts are allegedly calculated.

6.      Best Buy prefaces the Televisions' alleged former prices with words such as

---

[1] *See* https://www.shopify.com/blog/psychological-pricing (last visited April 3, 2025).
[2] *Id.*

"Comp. Value" (e.g., "Comp. Value $329.99"), "Was", "Original Price", or "Reg" ("regular") to further indicate that the higher former price was Best Buy's previous, regular selling price and the true prevailing market price for the Televisions.

7.    Furthermore, in its order confirmation emails, Best Buy describes the higher, phony former price as the "Reg." price, showing that Best Buy's intent is for the consumer to understand the reference price to mean Best Buy's regular selling price for the Television. Best Buy also highlights the amount of money the consumer will save, or the difference between the false former price and the "sale" price, in red, tricking the consumer into thinking the Television is actually on sale. However, Best Buy's advertised sales, discounts and alleged former prices are false because Best Buy almost never offers the Televisions at their advertised "Comp. Value", "Reg", or any alleged former price.

8.    Through its false pricing scheme, Best Buy intends to trick consumers into believing that its Televisions are on sale, when in fact, they are not. Best Buy's false pricing scheme inflates the phony former price, or alleged prevailing market price of the Televisions.

9.    At the same time, Best Buy falsely represents the "sale" price as an actual bargain that is only available to consumers for a limited time. This false pricing scheme allows Best Buy to charge more for the Televisions than it otherwise could have because Best Buy arbitrarily inflates the prevailing market price of the Televisions. As a result of Best Buy's false pricing scheme, reasonable consumers do not enjoy a true discount on the Televisions, and the Televisions are not in fact worth the amount that Best Buy represents as the advertised "full" price.

10.    Best Buy's false pricing scheme violates California's False Advertising Law ("FAL"), California Business & Professions Code § 17500 *et seq.*; California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq.*; California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.*; and results in breaches of contract and implied covenant of good faith and fair dealing.

11.    Best Buy's false pricing scheme caused Plaintiff and members of the proposed class to pay more for a Television, or purchase a Television they would not have otherwise, because they believed that they were purchasing a Television at a discounted price. Best Buy's false pricing

scheme also artificially increases the demand for the Televisions by arbitrarily representing the phony former price as the true and prevailing market price of the Televisions and causes all customers, including Plaintiff and class members, to pay price premiums to Best Buy.

12.     In addition to damages, restitution, and statutory penalties, Plaintiff seeks, on behalf of himself and the general public, an injunction precluding the sale of the Televisions at their false prices after entry of judgment.

13.     Plaintiff brings this lawsuit individually and on behalf of a class of consumers who purchased from Best Buy one or more Televisions advertised with a discount. Plaintiff seeks compensation, damages, restitution and/or disgorgement for himself and for each of the class members. Additionally, Plaintiff seeks injunctive relief to enjoin Best Buy from engaging in the unlawful false pricing scheme alleged herein.

<div align="center">

**PARTIES**

</div>

14.     Plaintiff Andrew Yeung is a resident of California.

15.     Defendant Best Buy Co., Inc. ("Best Buy") is a Minnesota corporation with its principal place of business at 7601 Penn Ave S, Richfield, Minnesota 55423.

16.     Defendant manufactures, labels, advertises, markets, and distributes Televisions throughout the United States, including in this District, through its stores and online website bestbuy.com.

17.     At all relevant times, Defendant has marketed the Televisions in a consistent and uniform manner. Defendant sells the Televisions in all 50 states on its website and throughout its 900+ brick-and-mortar stores.

<div align="center">

**JURISDICTION AND VENUE**

</div>

18.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of different states than the Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendant because it is authorized to do

business and conducts business in California, has specifically marketed and sold its products services in California, and has sufficient minimum contacts with this state and/or sufficiently avails itself of the markets of this state to render the exercise of jurisdiction by this Court permissible.

19.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted herein occurred in this District and Defendant is subject to personal jurisdiction to the federal court in this District. Moreover, Defendant inhabits and/or may be found in this judicial district and the interstate trade and commerce described herein is and has been carried out in part within this judicial district.

## FACTUAL ALLEGATIONS

### I.     BEST BUY'S FALSE PRICING PRACTICES

20.     Defendant Best Buy Co., Inc. manufactures, distributes, advertises, markets, and sells the Televisions directly to consumers through its website, www.bestbuy.com, and through its brick-and-mortar stores nationwide.

21.     On its website and in its brick-and-mortar stores, Defendant creates the false impression that its Televisions' "regular", "comparative value", "original price", or former prices are higher than they truly are.

22.     Best Buy advertises discounts on the Televisions by advertising a lower discounted price, next to a purported "Comp. Value" price, or "Reg" price (the phony "former price"), and advertises a supposed savings dollar amount beside the discounted selling price in red. This is evident in a screenshot of the TCL 55-inch Class F35 Series 4K UHD HDR LED Smart Fire TV taken on March 25, 2025 shown below[3]:

---

[3]*See* https://www.bestbuy.com/site/tcl-55-class-f35-series-4k-uhd-hdr-led-smart-fire-tv-2024/6597528.p?skuId=6597528 (last visited March 27, 2025).

1

2

3

4

5

6

7

8

9

10





11      23.      Best Buy also uses the term "Reg. Price" when confirming online purchases. This

12   language further shows Best Buy's intent to trick consumers into believing that the Televisions

13   were purchased at a discount, when in fact, they were not:

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



24.     Additionally, when checking out, Best Buy represents a total "savings" on the purchase, reflecting the "sale price" and "original price":

## Order Summary

| | |
|---|---|
| Original Price | $329.99 |
| Savings | -$100.00 |
| Store Pickup | FREE |
| Estimated Sales Tax | $19.84 |
| Recycling Fee | $6.00 |

**Total**                                      **$255.83**

<div style="background:yellow">**Checkout**</div>

 Checkout

25.     Reasonable consumers interpret these statements to mean that the "Reg." or "Comp. Value" or "Original" price is the regular price at which the Television was formerly (and is usually) sold, and that this represents the true and prevailing market price of the Television; and that the current price or "sale price" is a lower, discounted price only available for a limited time. Best Buy's representations that its Televisions are on sale or discounted appear throughout the product pages, shopping cart, and checkout screens and images.

26.     Best Buy rarely, if ever, offers the Televisions at the supposed former price and instead perpetually offers the Televisions at a false discount or sale price. Therefore, the supposed former price was not, is not, and never has been the regular price or prevailing market price of the Televisions.

27.     Through this false pricing scheme, Best Buy leads reasonable consumers to believe that they will get a discount on the Televisions they are purchasing if they purchase during the

"sale". This entices consumers to purchase Best Buy's Televisions when they otherwise might not have by creating a false belief that if they do not purchase the Television now, they will pay a at the higher price later.

28.     Based on Best Buy's advertisements, reasonable consumers believe that the "regular" or "comparative" prices Best Buy advertises are Best Buy's regular, former prices (that is, the price at which the Televisions were actually offered for sale prior to any "sale" pricing.

29.     Consumers also reasonably believe that the "regular" prices Best Buy advertises represent the true market price of the Televisions and are the prevailing market prices for the Televisions; and that they are receiving reductions from the phony former prices in the amounts advertised. However, Best Buy always offers a discount on the phony former prices it advertises.

30.     Section 17500 of California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading.  Cal. Bus. & Prof. Code § 17500.  This includes statements falsely suggesting that a product is on sale, when it actually is not.

31.     Furthermore, Section 17501 of California's False Advertising Law provides that "[f]or the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published." Cal. Bus. & Prof. Code § 17501.

32.     Importantly, "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code § 17501.

33.     Additionally, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9), (13).

34.     Finally, the FTC's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling

the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case. 16 C.F.R. § 233.2.

35.    That is because if "the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the 'bargain' being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the 'reduced' price is, in reality, probably just the seller's regular price." 16 C.F.R. § 233.1.

36.    To illustrate this point, the Federal Trade Commission's ("FTC") offers an example of a price comparison based on a fictitious former price:

> John Doe is a retailer of Brand X fountain pens, which cost him $5 each. His usual markup is 50 percent over cost; that is, his regular retail price is $7.50. In order subsequently to offer an unusual "bargain", Doe begins offering Brand X at $10 per pen. He realizes that he will be able to sell no, or very few, pens at this inflated price. But he doesn't care, for he maintains that price for only a few days. Then he "cuts" the price to its usual level—$7.50—and advertises: "Terrific Bargain: X Pens, Were $10, Now Only $7.50!" This is obviously a false claim. The advertised "bargain" is not genuine.

16 C.F.R. § 233.1.

37.    Best Buy's false pricing scheme mirrors this example. Best Buy's represented phony former prices were never the true or prevailing market price of the Televisions – instead, the "sale" value represents the prevailing market price. If Best Buy were to actually offer sales on the Televisions, the sale price would be deducted from the prevailing market price, *not* the phony former price. Therefore, Best Buy's "sales" are not actual sales and amount to false advertising in violation of several state and federal laws.

38.    Best Buy knows that consumers are more likely to buy a Television if they believe

that the Television is on sale and that they are getting a Television with a higher regular price and/or market price at a substantial discount. Consumers that are presented with discounts are substantially more likely to make the purchase. That is because nearly two-thirds of consumers admit that a promotion causes them to buy a product if they are initially undecided on a purchase,[4] and nearly two-thirds end up purchasing a product they were not intending to purchase if that product is on sale.[5]

39.    Therefore, Best Buy's false pricing scheme harms consumers by inducing them to make purchases based on phony former prices and false advertising. Likewise, Best Buy is able to create more demand for the Televisions by perpetually advertising them as on "sale" when in fact they are not. This false pricing scheme allows Best Buy to artificially inflate prices and reap the benefits of unsuspecting consumers who have been induced to pay more than they otherwise would have absent the scheme, and in some cases, induce consumers to purchase Televisions they otherwise would not have made at all absent the scheme. Consumers are also shorted because they do not end up getting any discount that they understood that they were bargaining for, and should have received the discount on the actual and prevailing market price of the television.

## II.    BEST BUY'S HISTORY OF ENGAGING IN A FALSE PRICING SCHEME

40.    Best Buy's false pricing scheme is evidenced by checking advertised prices on its website, bestbuy.com. For example, when checking Best Buy's website periodically starting in June 2024, Best Buy advertised that the Insignia 32-inch Class F20 Series LED HD Smart Fire Television, Model NS-32F201NA23, SKU 6482022 was perpetually marked down:

| Price | Date Found |
|---|---|
| $73.99, reg. $129.99 | 10/11/24 |
| $79.99, reg. $129.99 | 10/17/24 |
| $79.99, reg. $129.99 | 10/31/24 |
| $79.99, reg. $129.99 | 11/8/24 |
| $79.99, reg. $129.99 | 11/15/24 |

[4] *See* https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/ (last visited March 27, 2025).

[5] *See* https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html (last visited March 27, 2025).

| | |
|---|---|
| $79.99, reg. $129.99 | 11/22/24 |
| $69.99, reg. $129.99 | 11/26/24 |
| $79.99, reg. $129.99 | 12/3/24 |
| $89.99, reg. $129.99 | 1/8/25 |
| $89.99, reg. $129.99 | 1/15/25 |
| $79.99, reg. $129.99 | 1/22/25 |
| $79.99, reg. $129.99 | 1/29/25 |
| $79.99, reg. $129.99 | 2/3/25 |

41. The Insignia brand is owned by and exclusive to Best Buy, meaning that Best Buy controls the pricing for Insignia televisions. As shown above, the Insignia television was marked down from its "regular" price, or phony former price, October 2024 through February 2025.

42. Best Buy's false pricing practices are also evident using the Internet Archive's Wayback Machine (available at www.archive.org). The Wayback Machine captures snapshots of websites such as Best Buy's website at periodic intervals.

43. Best Buy's false pricing scheme was not limited to Insignia brand televisions but was prevalent across all Televisions. For example, the TCL 55-inch Class F35 Series 4K UHD HDR LED Smart Fire TV, last advertised with a phony former price of $329.99 and sale price of $229.99 on March 25, 2025, was also on sale January 25, 2025 for $219.99 with a "Comp. Value" of $329.99:



44. The same television was also on sale on for the same price on January 16, 2025.

45. Other TCL models, including the QM7, Q6, and Q5 series were also perpetually and falsely on sale between October 2024 and March 2025:

| Model | Price | Date Found |
|---|---|---|
| TCL 55-Inch Class QM7 Series 4K UHD HDR QD-Mini LED Smart Google TV | $499.99, Was $799.99 | 10/9/24 |
|  | $499.99, Comp. Value $799.99 | 1/28/25 |
| TCL 55-Inch Class Q6 Series 4K UHD HDR QLED Smart Google TV | $269.99, Comp. Value $449.99 | 1/28/25 |
|  | $299.99, Comp. Value $319.99 | 3/27/25 |
| TCL 65-Inch Class Q5 Series 4K UHD HDR QLED Smart Fire TV | $379.99, Was $549.99 | 10/8/24 |
|  | $349.99, Was $549.99 | 1/18/25 |

46. Similarly, models of Toshiba televisions were also perpetually allegedly on sale during the same period.

47. Taken in totality, the prevailing market prices for any period, and within the last ninety days, are perpetually less than the "regular", "comparative", or alleged former prices Best Buy advertises. Thus, discovery is likely to show that the advertised phony former prices are not the actual, prevailing market price during any period, and in the last 90 days, for both its own Insignia brand televisions (which it controls), and all other Televisions it sells.

III. **PLAINTIFF'S EXPERIENCES**

48. Plaintiff Andrew Yeung bought a television from Best Buy via bestbuy.com on or around November 30, 2024.

49. Plaintiff purchased the TCL 55-Inch Class F35 Series 4k UHD HDR LED Smart Fire TV for $179.99. As shown below, Plaintiff's confirmation email showed that the "Reg" or former price was $329.99, and shows a "savings" of $150.00:

**Product Details**

### TCL - 55" Class F35-Series 4K UHD HDR LED Smart Fire TV (2024)

**$179.99**

**Save $150.00**

Reg $329.99

**SKU:**    6597528

**Qty:**    1

50.     Plaintiff purchased the Television in reliance on the representation that it was on sale and/or offered at a discounted price.

51.     Plaintiff chose between the Television and other similar products, but which did not misrepresent their true or prevailing market price and/or discounted price.

52.     Had Plaintiff known the truth about Defendant's misrepresentations, he would not have purchased the Television, or would not have paid as much for it.  Plaintiff was also harmed because he did not receive the alleged discount on the actual market price for the Television and thereby was denied the benefit of his bargain and damaged accordingly by overpaying.

53.     As a result, Plaintiff suffered injury in fact and lost money at the time of purchase. Plaintiff continues to desire to purchase Televisions in the future if prices are accurately represented.

54.     Each and every consumer who purchases the Televisions is exposed to the deceptive pricing scheme, which appeared and continues to appear prominently and conspicuously on the Televisions' advertising and marketing during the class period.

55.     Defendant's misrepresentations caused Plaintiff and members of the proposed class to pay a price premium for the Televisions because they believed that they were purchasing a

product that was on sale and/or offered at a discounted price. Had Plaintiff known the truth about the Televisions and the false pricing scheme, he would not have purchased it or, at a minimum, he would have paid less for it.

**CLASS ALLEGATIONS**

56.     Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following class (the "Class"):

> All persons in the State of California who, from the beginning of the applicable limitations period through the date of trial, purchased one or more of Defendant's Televisions at a discounted and/or sale price for personal use and not for resale.

57.     At this time, Plaintiff does not know the exact number of members of the Class; however, given the nature of the claims and the number of retail stores in the United States selling the Televisions, Plaintiff believes that class members are so numerous that joinder of all members is impracticable.

58.     Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

59.     There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual class members include:

> a)  whether Defendant wrongfully represented and continues to represent that its Televisions are on sale when they are not;
>
> b)  whether Defendant's representations in advertising, marketing, and/or labeling are false, deceptive, and/or misleading;
>
> c)  whether the alleged misrepresentations are likely to deceive a reasonable consumer;
>
> d)  whether Defendant had knowledge that those alleged misrepresentations were false, deceptive, and/or misleading;

e) whether Defendant continues to disseminate those alleged misrepresentations despite knowledge that the representations are false, deceptive, and/or misleading;

f) whether Defendant's alleged misrepresentations regarding the pricing of the Products are likely to mislead, deceive, confuse, and/or confound consumers acting reasonably;

g) whether Defendant breached contracts with Plaintiff and class members;

h) whether Defendant breached the implied covenant of good faith and fair dealing;

i) whether Defendant engaged in unfair trade practices;

j) whether Defendant engaged in false advertising;

k) whether Plaintiff and the members of the class are entitled to actual, statutory, and/or punitive damages; and

l) whether Plaintiff and members of the class are entitled to declaratory and injunctive relief.

60.     Plaintiff's claims and basis for relief are typical to other class members because all were subjected to the same unfair and deceptive representations and actions.

61.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Class.

62.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

63.     The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate equitable relief with respect to the Class as a whole.

64.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another

might not. Additionally, individual actions could be dispositive of the interests of the even where certain class members are not parties to such actions.

## CAUSES OF ACTION

### COUNT I
### Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 et. seq.

65.      Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

66.      Plaintiff brings this claim individually and on behalf of the Class as defined above.

67.      Defendant has violated Sections 17500 and 17501 of the Business and Professions Code.

68.      Defendant has violated, and continues to violate, Section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiff and class members.

69.      As alleged above, Defendant advertises phony former prices along with perpetual discounts. Defendant does this by providing a phony former price using words like "regular", "comparative", "original", and "was" to describe the perceived market price. Defendant then provides a "sale" price and shows the "savings" amount next to these two prices. Reasonable consumers would understand the phony former as prices from which discounts are calculated, and that those "former" prices represent the true and prevailing market prices of the Televisions.

70.      The alleged former prices advertised by Defendant are not Defendant's "regular" prices.  In fact, those prices are never Defendant's regular prices because the Televisions are always on "sale."  For the same reasons, those prices were not the actual former prices of the Televisions, nor do they represent the true or prevailing market price of the Televisions. Therefore, Defendant's statements about the alleged former prices of its Televisions, and its statements about its discounts from those alleged former prices, were and continue to be untrue and misleading.

71.      In addition, Defendant has violated, and continues to violate, Section 17501 of the Business and Professions Code by advertising phony former prices that were not the prevailing market price within three months next immediately preceding the advertising. As explained above,

Defendant's advertised "regular" prices, which reasonable consumers would understand to denote former prices, were not the prevailing market prices for the Televisions within three months preceding publication of the advertisement.  And Defendant's phony former prices do not state clearly, exactly, and conspicuously when, if ever, the alleged former prices prevailed. Defendant's advertisements do not indicate whether or when the alleged former prices were offered at all.

72.    Defendant's material misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Television. Defendant's misrepresentations were a substantial factor in Plaintiff's decision to purchase the Television. As a result, Defendant's misrepresentations caused Plaintiff and class members damages.

73.    Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct because they would not have purchased the Televisions if they had known the truth, and/or they overpaid for the Televisions because the Televisions were sold at a price premium due to the misrepresentation.  Plaintiff and class members are entitled to compensation, damages, and/or restitution due to Best Buy's conduct.

## COUNT II
### Violation of Business & Professions Code §§ 17200, et seq.

74.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

75.    Plaintiff brings this claim individually and on behalf of the Class as defined above.

76.    Plaintiff and the proposed class members desired to purchase Products that were on sale and/or offered at a discount.

77.    The Unfair Competition Law, Business & Professions Code §§ 17200, *et seq*. ("UCL"), prohibits any "unlawful," "unfair," or "fraudulent" business act or practice and any false or misleading advertising.

78.    **Unlawful Business Practices**: In the course of conducting business, Defendant committed "unlawful" business practices in violation of the UCL by, inter alia, representing that the Products were are on sale when they are not, which is false, misleading, and deceptive (which

also constitutes advertising within the meaning of § 17200), violating the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*., and California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 *et. seq.* In addition, Defendant engaged in unlawful conduct by violating the FTCA. The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" and prohibits the dissemination of false advertisements. 15 U.S.C. § 45(a)(1), 15 U.S.C. § 52(a).  Thus, Defendant's false pricing schemes violate the FTCA. 16 C.F.R. § 233.1, § 233.2.

79.    Plaintiff and the proposed class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

80.    **Unfair Business Practices**: In the course of conducting business, Defendant committed "unfair" business acts and practices by, inter alia, representing that the Televisions are on sale when they are not, which is false, misleading, and deceptive (which also constitutes advertising within the meaning of § 17200). There is no societal benefit from false advertising, only harm. While Plaintiff and the public at large were and continue to be harmed, Defendant has been unjustly enriched by its false, misleading, and deceptive representation as it unfairly enticed Plaintiff and the proposed class members to purchase the Televisions when they might not otherwise have. Because the utility of Defendant's conduct (zero) is outweighed by the gravity of harm to Plaintiff, consumers, and the competitive market, Defendant's conduct is "unfair." Defendant's unfair practices described herein are also violative of public policy, including California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 *et. seq.* the FTCA, 15 U.S.C. § 45(a)(1), 15 U.S.C. § 52(a).

81.    There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. For example, Defendant could have sold the Televisions fairly without engaging in a false pricing scheme.

82.    **Fraudulent Business Practices**: In the course of conducting business, Defendant committed "fraudulent business act[s] or practices" and deceptive or misleading advertising by, inter alia, representing that the Televisions are on sale when they are not, which is false, misleading, and deceptive to reasonable consumers.

83.    Defendant's actions, claims, and misleading statements, as more fully set forth above, are misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §§ 17200, *et seq*.

84.    Plaintiff relied on Defendant's pricing representations and was in fact injured as a result of that false, misleading, and deceptive representation.

85.    As alleged herein, Plaintiff and the proposed class members have suffered injury in fact and lost money or property at the time of purchase as a result of Defendant's conduct because they were exposed to and purchased Defendant's Televisions in reliance on the pricing representations but did not receive a Television that was actually on sale.

86.    Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

87.    Plaintiff and the proposed class members seek declaratory relief and an injunction prohibiting Defendant from continuing such practices, corrective advertising, restitution of all money obtained from Plaintiff and the proposed class members and the general public collected as a result of unfair competition, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17203.

### COUNT III
### Violations of the Consumer Legal Remedies Act –
### Cal. Civ. Code §§ 1750, et seq.
### (Injunctive Relief Only)

88.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

89.    Plaintiff brings this cause of action individually and on behalf of the Class as defined above.

90.    Plaintiff brings this claim individually and on behalf of similarly situated California consumers pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. (the "CLRA").

91.    Plaintiff is a consumer as defined by California Civil Code § 1761(d).

92.    The Televisions are a "good" within the meaning of the CLRA.

93.    Defendant violated and continues to violate the CLRA by "[a]dvertising goods or services with intent not to sell them as advertised" and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." *See* California Civil Code § 1770(a)(9), (13).

94.    Pursuant to California Civil Code § 1782(d), Plaintiff and the proposed class members seek a Court Order declaring Defendant to be in violation of the CLRA, enjoining the above-described wrongful acts and practices of Defendant.

95.    Concurrently with the filing of the instant Complaint, Plaintiffs are sending a CLRA notice of violation and demand letter to Defendant Best Buy. Upon response, or non-response within thirty (30) days, to this notice, Plaintiff shall file, or seek leave to file, an Amended Complaint to seek monetary relief from Best Buy to provide actual, compensatory, statutory, and/or punitive damages.

## COUNT IV
## Unjust Enrichment
## (In the Alternative)

96.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

97.    Plaintiff brings this cause of action individually and on behalf of the Class as defined above.

98.    Plaintiff and class members conferred benefits on Defendant by purchasing the Televisions.

99.    Defendant has knowledge of such benefits.

100.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of the Televisions. Retention of those monies under these circumstances is unjust and inequitable because Defendant represented that the Televisions were on sale, when they were not.

101.    Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and class members for their unjust enrichment, as ordered by the Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT V**
**Breach of Contract**

102.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

103.    Plaintiff brings this cause of action individually and on behalf of the Class as defined above.

104.    Plaintiff and class members entered into contracts with Defendant when they purchased Televisions from Defendant.

105.    The contracts provided that Plaintiff and class members would pay Defendant for the Televisions purchased.

106.    The contracts further required that Defendant provide Plaintiff and class members with Televisions that have a true or prevailing market price equal to the alleged former prices represented by Defendant.  They also required that Defendant provide Plaintiff and class members with a discount equal to the difference between the price paid, and the alleged former prices advertised. These were specific and material terms of the contract. The specific discounts were a specific and material term of each contract.

107.    Plaintiff and class members paid Defendant for the Televisions they purchased, and satisfied all other conditions of their contracts.

108.    Defendant breached its contract with Plaintiffs and class members by failing to provide Televisions that had a former price, and/or prevailing market price equal to the alleged former price represented by Defendant, and by failing to provide the promised discount.  Defendant did not provide the discount that it had promised.

109.    As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

1
2

<u>**COUNT VI**</u>
**Breach of Implied Covenant of Good Faith and Fair Dealing**

3       110.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth

4    above as though fully set forth herein.

5       111.    Plaintiff brings this cause of action individually and on behalf of the Class as defined

6    above.

7       112.    Defendant entered into an agreement with Plaintiff and class members when

8    Plaintiff and class members purchased the Televisions from Defendant. Under California law, an

9    implied promise of good faith and fair dealing in conduct arises from this agreement.

10      113.    Plaintiff and class members have performed all, or substantially all conditions,

11   covenants, and promises required on their part to be performed in accordance with the terms and

12   conditions of the agreement, or they were waived by Defendant.

13      114.    Defendant unfairly interfered with the rights of Plaintiff and class members to

14   receive the benefits of the agreement by failing to provide Plaintiff and class members with

15   Televisions that were truly on sale and/or discounted and by providing a false former price, thereby

16   inflating the true or prevailing market price of the Televisions. Accordingly, Defendant breached

17   the implied covenant of good faith and fair dealing.

18      115.    As a direct and proximate result of these violations, Plaintiff and class members

19   have suffered economic damages to be determined at trial.

20
21

<u>**COUNT VII**</u>
**Declaratory Relief**

22      116.    Plaintiff realleges each and every allegation contained above and incorporates by

23   reference all other paragraphs of this Complaint as if fully set forth herein.

24      117.    Plaintiff brings this claim on behalf of the Class.

25      118.    An actual controversy has arisen and now exists between Plaintiff and the putative

26   Class on the one hand, and Defendant on the other, concerning Defendant's failure to offer true

27   sale prices in accordance with applicable state and federal regulations and the agreements between

28   the parties.  Plaintiff and the class members contend that Defendant failed to offer true sale prices

and discounts while on the other hand, Defendant contends they have complied with applicable state and federal regulations and its agreements with Plaintiffs and class members to do so.

119.    Accordingly, Plaintiff and class members are entitled to seek a judicial determination of whether Defendant has performed, and are performing, their statutory and contractual sale practices and obligations.

120.    A judicial determination of the rights and responsibilities of the parties over Defendant's sale practices is necessary and appropriate at this time so that: (1) that the rights of the Plaintiff and the Class may be determined with certainty for purposes of resolving this action; and (2) so that the parties will have an understanding of Defendant's obligations in the future given its continuing legal obligations and ongoing relationships with Plaintiff and class members.

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all other members of the Class, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Andrew Yeung as representative of the Class, and Plaintiff's attorneys as Class Counsel to represent the class members;

B.    For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

C.    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For injunctive relief on behalf of Plaintiff, the Class, and the general public enjoining the illegal acts detailed herein;

F.    For prejudgment interest on all amounts awarded;

G.    For an order of restitution and all other forms of equitable monetary relief;

H.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

1

## JURY TRIAL DEMANDED

2
Plaintiff demands a trial by jury on all claims so triable.

3
Respectfully submitted,

4
**KAPLAN FOX & KILSHEIMER LLP**

5
DATED: November 5, 2025

By: /s/ *Matthew B. George*
Matthew B. George

6

7
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)

8
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1501

9
Oakland, CA 94612
Telephone: 415-772-4700

10
Facsimile: 415-772-4707
Email: *lking@kaplanfox.com*

11
*mgeorge@kaplanfox.com*
*breed@kaplanfox.com*

12

13
*Attorneys for Plaintiff Andrew Yeung
and the Proposed Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28