**MANATT, PHELPS & PHILLIPS, LLP**
CHRISTINE M. REILLY (Bar No. 226388)
CReilly@manatt.com
JUSTIN JONES RODRIGUEZ (Bar No. 279080)
JJRodriguez@manatt.com
PATRICE S. RUANE (Bar No. CA 347128)
PRuane@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone:    (310) 312-4000
Facsimile:    (310) 312-4224

Attorneys for Defendant Best Buy Co., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| ANDREW YEUNG, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY CO., INC.,<br><br>Defendant. | Case No. 3:25-cv-09550-AMO<br><br>**JOINT STIPULATION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Judge:                Araceli Martinez-Olguin<br>Current Deadline:     November 28, 2025<br>Requested Deadline:   January 12, 2026 |

Under Federal Rule of Civil Procedure 6(b) and Civil Local Rule 6-1(a), Plaintiff Andrew Yeung ("Plaintiff") and Best Buy Co., Inc., (individually, "Defendant" and together with Plaintiff, the "Parties") stipulate and agree to extend the deadline for Defendant to answer, move, or otherwise respond to Plaintiff's Class Action Complaint (ECF 1, the "Complaint") to and including **January 12, 2026** as follows:

1. Plaintiff served the Complaint on November 7, 2025 (*see* ECF 7), making November 28, 2025, Defendant's current deadline to answer, move, or otherwise respond to the Complaint.

2. Defendant has requested, and Plaintiff has agreed to, a 45-day extension of time for Defendant to answer, move, or otherwise respond to the Complaint. This would make Defendant's new deadline to answer, move, or otherwise respond to the Complaint **January 12, 2026**.

3. Defendant and its counsel seek and are in need of an extension of time for several reasons.

4. First, Defense counsel was just retained and requires sufficient time to fully and adequately investigate the underlying facts and allegations in the Complaint and prepare an appropriate responsive pleading(s).

5. Second, Defendant's counsel has several unmovable professional and personal scheduling conflicts with the current pleading deadline, including filings in other federal and state matters, as well as the Thanksgiving holiday, which make completing the foregoing tasks by the current deadline extraordinarily difficult, if not impossible.

6. Third, though it denies liability, Defendant desires to explore the possibility of an extra-judicial resolution of this dispute with Plaintiff, which may obviate the need for Defendant to respond to the Complaint at all.

7. This is Defendant's first request for an extension.

8. This modest extension will promote efficiency and conserve judicial and party resources by enabling the Parties to fully and adequately evaluate the claims at issue, and allowing Defendant to prepare an appropriate responsive pleading(s) and (if appropriate) to discuss an extra-judicial resolution with Plaintiff without engaging in motion practice or incurring additional expenses.

9. The Parties do not seek the requested extension for purposes of delay.

10. Granting the extension will not disrupt any deadlines other than the one the Parties seek to extend. The only current deadline in the case is an Initial Case Management Conference on March 5, 2026 (*see* ECF 11), which will not be impacted by the requested extension.

11. The requested extension will not prejudice any party and will not impact the timely resolution of this matter, particularly as the Parties are in agreement and jointly request the extension.

12. In requesting and stipulating to this extension, Defendant does not waive and expressly reserves the right to assert any and all defenses to the underlying action, including, but not limited to, any and all defenses Defendant could raise under Federal Rule of Civil Procedure 12(b), including any jurisdictional defenses, and any arbitral rights.

13. Therefore, the Parties respectfully stipulate that Defendant's deadline to answer, move, or otherwise respond to the Complaint is **January 12, 2026**.

Dated: November 26, 2025

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ *Patrice S. Ruane*
Patrice S. Ruane

Attorneys for Defendant Best Buy Co., Inc.

Dated: November 26, 2025

Respectfully submitted,

KAPLAN FOX & KILSHEIMER, LLP

By: /s/ *Blair E. Reed*
Blair E. Reed

Attorneys for Plaintiff Andrew Yeung

**SIGNATURE ATTESTATION**

Under Local Rule 5-1(i)(3), I attest that the other signatory has concurred in the filing of this document, which shall serve in lieu of her signature on the document.

Dated: November 26, 2025                           MANATT, PHELPS & PHILLIPS, LLP

                                                   By:   */s/ Patrice S. Ruane*
                                                         Patrice S. Ruane

**CERTIFICATION OF CM/ECF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 26, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Federal Rules of Civil Procedure 5.

Dated: November 26, 2025                           MANATT, PHELPS & PHILLIPS, LLP

                                                   By:   */s/ Patrice S. Ruane*
                                                         Patrice S. Ruane